IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| GERALD RAY BARROW | § | |
|     TDCJ-CID #579954 | § | |
| v. | § | C.A. NO. C-06-383 |
| | § | |
| MRS. MOORE, ET AL. | § | |

## **MEMORANDUM OPINION AND ORDER OF DISMISSAL**

This is a civil rights action filed by a state prisoner pursuant to 42 U.S.C. § 1983.

Pursuant to the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996), any prisoner action brought under federal law must be dismissed if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. See 42 U.S.C. § 1997e(c); 28 U.S.C. §§ 1915(e)(2), 1915A. Plaintiff's action is subject to screening regardless whether he prepays the entire filing fee or proceeds as a pauper. Ruiz v. United States, 160 F.3d 273, 274 (5th Cir. 1998) (per curiam); Martin v. Scott, 156 F.3d 578, 580 (5th Cir. 1998) (per curiam). Plaintiff's *pro se* complaint must be read indulgently, see Haines v. Kerner, 404 U.S. 519, 520 (1972) (per curiam), and his allegations must be accepted as true, unless they are clearly irrational or wholly incredible, Denton v. Hernandez, 504 U.S. 25, 32-33 (1992).

Applying these standards, plaintiff's claim alleging denial of access to the courts is dismissed for failure to state a claim and as frivolous. 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1).

## I. JURISDICTION

The Court has federal question jurisdiction over this civil rights action pursuant to 28 U.S.C. § 1331.  Upon consent of the plaintiff, the case was reassigned to the undersigned United States Magistrate Judge to conduct all further proceedings, including entry of final judgment.  28 U.S.C.  § 636(c).

## II. FACTUAL BACKGROUND

Plaintiff is an inmate in the Texas Department of Criminal Justice, Criminal Institutions Divisions ("TDCJ-CID"), and is currently incarcerated at the McConnell Unit in Beeville, Texas.  He filed this lawsuit on August 29, 2006, and named the following as defendants: (1) Mrs. Moore, McConnell Unit Mailroom; and (2) United States Post Office. A Spears[1] hearing was conducted on October 18, 2006.  The following allegations were made in plaintiff's original complaint, (D.E. 1), or at the hearing.

In August 2006, plaintiff sent four envelopes, with a combined total of approximately three hundred pages of documents in them, to an attorney named Jeff Jones in Pampa, Texas. Plaintiff testified that these documents told his "story,"[2] and he sent the documents to Mr. Jones to see if he was interested in having them "transcribed" and perhaps made into a book

---

[1] Spears v. McCotter, 766 F.2d 179 (5th Cir. 1985); see also Eason v. Holt, 73 F.3d 600, 603 (5th Cir. 1996) (stating that testimony given at a Spears hearing is incorporated into the pleadings).

[2] Plaintiff's claims that his personal story is related to the now nationally notorious scandal that occurred in the tiny town of Tulia, Texas, where 15% of the town's black population was arrested on drug charges based solely on the testimony of an undercover agent, Tom Coleman.  Mr. Coleman was later found to have given perjured testimony.  Jeff Blackburn, a lawyer representing more than 20 defendants in the case, said that 13 people remain in jail on sentences as long as 320 years.

or other profit making venture.  Plaintiff hoped that, from the money gained by telling his story, he could secure representation to challenge his and his brother's convictions.

According to plaintiff, envelope #1 was returned to him inside an envelope from Mr. Jones, with a letter declining to accept his case.  Envelopes #2, #3, and #4, were each stamped "Returned To Sender."  Each envelope appeared as if it had been opened and taped shut. Envelope #3, which had originally contained at least 100 documents, was returned with only 2 or 3 papers in it.

Plaintiff also testified that, on a number of occasions, he attempted to send letters to Jeff Blackburn in Amarillo, Texas.  However, every letter he mailed to him has been returned.  Plaintiff claims that it is the mail room's duty to provide him with Mr. Blackburn's correct address.

Plaintiff testified that he has filed state and federal habeas corpus petitions, but they have all been dismissed.  None is currently pending at this time.

### III.  DISCUSSION

**A.     Legal Standard.**

It is well established that "[t]o state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law."  West v. Atkins, 487 U.S. 42, 48 (1988) (citations omitted); see also Biliski v. Harborth, 55 F.3d 160, 162 (5th Cir. 1995) (per curiam).  An action may be dismissed for failure to state a claim when it is clear that the prisoner can prove no set of facts in support

of his claim entitling him to relief. Oliver v. Scott, 276 F.3d 736, 740 (5th Cir. 2002) (citation omitted). The complaint must be liberally construed in favor of the prisoner, and the truth of all pleaded facts must be assumed. Id. (citation omitted).

**B.     Access to the Courts.**

Prisoners have a constitutionally protected right of access to the courts. See Lewis v. Casey, 518 U.S. 343, 360 (1996) (citing Bounds v. Smith, 430 U.S. 817, 821 (1977)). The right does not guarantee any "particular methodology but rather the conferral of a capability – the capability of bringing contemplated challenges to sentences or conditions of confinement before the courts." Lewis, 518 U.S. at 356. See also Jones v. Greninger, 188 F.3d 322, 325 (5th Cir. 1999) (the right provides a reasonable opportunity to file nonfrivolous legal claims challenging convictions or conditions of confinement). Because the right of access is not a "freestanding right," the plaintiff must demonstrate actual injury resulting from an alleged denial of access to the courts. Lewis, 518 U.S. 351; Chriceol v. Phillips, 169 F.3d 313, 317 (5th Cir. 1999). Without a showing of an actual injury, a plaintiff lacks standing to pursue a claim of denial of access to the courts. Lewis, 518 U.S. at 349.

To meet the standing requirement, plaintiff "must allege personal injury fairly traceable to the defendant's allegedly unlawful conduct and likely to be redressed by the requested relief." Raines v. Byrd, 521 U.S. 811, 818 (1997) (quoting Allen v. Wright, 468 U.S. 737, 751 (1984). Plaintiff "must establish that he has a personal stake in the alleged dispute and that the alleged injury suffered is particularized as to him." Id. at 819. In particular, to succeed on a claim of denial of access to courts, plaintiff must show that he lost

an actionable claim or was prevented from presenting such a claim because of the alleged denial.  See Lewis, 518 U.S. at 356.  He must show "that his position as a litigant was prejudiced" as a direct result of the denial of access.  Eason v. Thaler, 73 F.3d 1322, 1328 (5th Cir. 1996).

### 1.     Claim against Mrs. Moore.

At the evidentiary hearing, plaintiff admitted that he did not know whether it was someone in the McConnell Unit mail room or someone at the United States Post Office who was tampering with his mail.  That is, he fails to allege any facts to suggest that Mrs. Moore has interfered with his mail, and consequently, denied has denied him access to the courts.

To the extent plaintiff is attempting to hold Mrs. Moore liable because she is the supervisor of the mail room, he cannot do so under § 1983 based on a theory of *respondeat superior* or vicarious liability.  Reimer v. Smith, 663 F.2d 1316, 1323 (5th Cir. 1981).  A supervisory defendant must be either personally involved in the incidents underlying the claim "or there must be a causal connection between an act of the [supervisor] and the constitutional violation sought to be redressed."  Harvey v. Andrist, 754 F.2d 569, 572 (5th Cir. 1985) (citations omitted); see also Hinshaw v. Doffer, 785 F.2d 1260, 1263 (5th Cir. 1986) (usually a failure to supervise imposes § 1983 liability only where there is a history of widespread deprivations).

As to the four pieces of mail that were sent to Jeff Jones, it appears that Mr. Jones opened and responded to envelope #1 before he returned it, and then he refused envelopes

#2, #3, and #4.  There is no evidence that Mrs. Moore, or any McConnell Unit staff member, for that matter, damaged the envelopes or took documents from envelope #3.  There is no allegation, let alone evidence, that Mrs. Moore attempted to hinder plaintiff's receipt of his returned mail.

As to Mr. Blackburn's address, there is no constitutional obligation that prison law library provide plaintiff with certain information he is seeking.  See Lewis, 518 U.S. at 356.  As discussed at the evidentiary hearing, plaintiff could have written the Texas State Bar for Mr. Blackburn's address.

Moreover, even if plaintiff had evidence against Mrs. Moore or any of the McConnell Unit mail room employees that they tampered with his mail or gave him the wrong address, his claim still fails because he does not allege any injury in any pending litigation concerning his incarceration or conditions of confinement. Jones, 188 F.3d at 355 (right of access to courts involves reasonable opportunity to file nonfrivolous legal claims challenging convictions or conditions of confinement). Plaintiff testified that he has no pending habeas corpus proceedings.  He did not allege any prejudice or injury in any legal action.  His only perceived prejudice from the missing documents was in reconstructing his "story" to tell for profit.  However, he also admitted that much of the information he needs is available in court records.  Plaintiff cannot satisfy the injury requirement to establish a denial of the access to courts claim under § 1983.

    **2.**    **United States Post Office.**

Plaintiff has named the United States Post Office as a defendant. The United States and its agencies are exempt from suit and damages, save except those actions to which it has expressly consented in the Federal Torts Claims Act, 28 U.S.C. § 2674. Thus, plaintiff's claims against the United States Post Office are barred.

Plaintiff has failed to allege that any individual federal postal worker violated his constitutional right of access to the courts, and as such, there is no Bivens[3] claim. More importantly, as with Mrs. Moore, even if plaintiff could prove that he had exhausted a FTCA or Bivens claim, or could identify an individual defendant, he fails to demonstrate any injury in any pending litigation. See Lewis, 518 U.S. at 356. Despite his frustration in having the contents of one envelope destroyed and certain pieces of mail returned, he cannot demonstrate that his position as a litigant in any non-frivolous proceeding has been prejudiced. Plaintiff simply fails to state a claim of denial of access to the courts.

## IV. CONCLUSION

For the foregoing reasons, plaintiff's First Amendment claim alleging denial of access to the court is hereby dismissed for failure to state a claim and as frivolous. 28 U.S.C. § § 1915(e)(2)(B)(ii) and 1915A(b)(1). Further, because this dismissal is one described by 28 U.S.C. § 1915(g), the Clerk is instructed to provide a copy of the order of dismissal to:

---

[3] Bivens v. Six Unknown Agents of the Federal Bureau of Narcotics, 40 U.S. 388 (1971).

**District Clerk for the Eastern District of Texas, Tyler Division, 211 West Ferguson, Tyler Texas, 75702, Attention: Betty Parker.**

ORDERED this 13th day of November, 2006.

_____
B. JANICE ELLINGTON
UNITED STATES MAGISTRATE JUDGE